ACCEPTED
03-14-00080-CV
6045739
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/13/2015 4:37:24 PM
JEFFREY D. KYLE
CLERK

## No. 03-14-00080-CV

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/13/2015 4:37:24 PM
JEFFREY D. KYLE
Clerk

**GATTIS ELECTRIC, INC.,**
*Appellant*

**v.**

**THERESA MARIE MANN, INDIVIDUALLY AND AS GUARDIAN
OF THE PERSON AND ESTATE OF JAMES LAWHON,**
*Appellee*

APPEAL FROM CAUSE NO. D-1-GN-12-001971
125TH JUDICIAL DISTRICT OF TRAVIS COUNTY, TEXAS
HON. TIM SULAK PRESIDING

## MOTION FOR LEAVE TO FILE POST-SUBMISSION
## LETTER OF SUPPLEMENTAL AUTHORITY

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellee Theresa Marie Mann, Individually and as Guardian of the Person and Estate of James Lawhon, files this motion seeking leave to file a post-submission letter of supplemental authority. Appellee respectfully shows:

1.  This case was submitted without argument on July 2, 2015 before a panel consisting of Chief Justice Rose and Justices Goodwin and Bourland.

2. A party's brief may be amended or supplemented whenever justice requires and on whatever reasonable terms the appellate court may prescribe. TEX. R. APP. P. 38.7. Unless specifically requested, this Court's practice is to require that post-submission briefs—including letters of supplemental authority—be accompanied by a motion for leave.

3. Appellee desires to file the letter attached as Exhibit A for the Court's consideration in deciding this appeal. The letter addresses a Texas Supreme Court opinion issued since appellant filed its reply brief and shortly before submission. This decision impacts a threshold issue before the Court—whether the duty owed by one who is not an owner or occupier of land is measured according to premises-liability law or general negligence principles.

4. Granting this motion would not prejudice appellant. Appellee's brief was well under the word-count limit, and appellee will have an opportunity to respond to the letter if it so chooses.

## CONCLUSION AND PRAYER

Appellee respectfully requests that the Court grant this motion, file the letter attached as Exhibit A, and consider the letter in rendering its decision. Appellee requests all other appropriate relief to which she is entitled.

Respectfully submitted,

SMITH LAW GROUP LLLP

By:  /s/D. Todd Smith
   D. Todd Smith
   State Bar No. 00797451
   todd@appealsplus.com
  1250 Capital of Texas Highway South
  Three Cielo Center, Suite 601
  Austin, Texas 78746
  (512) 439-3230
  (512) 439-3232 fax

*Counsel for Appellee*

## CERTIFICATE OF CONFERENCE

I certify that I attempted to confer with appellant's lead counsel, Kevin Jewell, about this motion by sending an email to him at 11:52 a.m. and then placing a telephone call to his office at approximately 4:00 p.m. on this date. Mr. Jewell has apparently been tied up in court and unable to respond to the email. He was not available to speak by telephone when I called.

     /s/ D. Todd Smith
     D. Todd Smith

**CERTIFICATE OF SERVICE**

On July 13, 2015, in compliance with Texas Rule of Appellate Procedure 9.5, I served this document by e-service to:

Kevin D. Jewell
CHAMBERLAIN, HRDLICKA, WHITE,
 WILLIAMS & AUGHTRY
1200 Smith Street, Suite 1400
Houston, Texas 77002
*Lead Appellate Counsel for Appellant*
*Gattis Electric, Inc.*

*/s/ D. Todd Smith*
D. Todd Smith



**D. Todd Smith**
todd@appealsplus.com
Board Certified—Civil Appellate Law
Texas Board of Legal Specialization

July 13, 2015

Jeffrey D. Kyle, Clerk
THIRD COURT OF APPEALS
Price Daniel, Sr. Building
209 W. 14th St., Room 101
Austin, Texas 78701

Re:     No. 03-14-00080-CV in the Third Court of Appeals; *Gattis Electric, Inc. v. Theresa Marie Mann, Individually, and as Guardian of the Person and Estate of James Lawhon*

**Letter of Supplemental Authority**

Dear Mr. Kyle:

Appellee Theresa Marie Mann, Individually and as Guardian of the Person and Estate of James Lawhon, submits this letter of supplemental authority supporting certain arguments made in Appellees' Brief. *See* TEX. R. APP. P. 38.7.

In its reply brief, Appellant Gattis Electric, Inc. brushes aside the argument that Lawhon properly submitted a general negligence theory—rather than a premises-liability theory—because Gattis was not the owner or occupier of the premises on which Lawhon was injured. *Compare* Appellants' Reply Br. at 2 ("Lawhon says his claim against Gattis is not a 'premises defect' claim because Gattis was not the property owner. That is irrelevant to the proper characterization of his claim."), *with* Appellees' Br. at 16-21 (citing authority recognizing that nature of duty depends on whether defendant enjoys status as owner, occupier, or legal equivalent). The Texas Supreme Court's recent decision in *Austin v. Kroger Texas, L.P.*, ___ S.W.3d ___, No. 14-0216, 2015 WL 3641066 (Tex. June 12, 2015), squarely supports Lawhon's position.

In *Austin*, the Supreme Court addressed for the first time the interaction between premises-liability claims and general negligence duties, there in the context of an employer-employee relationship:

**Exhibit A**



When an injury arises from a premises condition, it is often the case that any resulting claim sounds exclusively in premises liability, ***but that is not necessarily the case. An injury can have more than one proximate cause***. The fact that Austin alleged that a condition of the premises proximately caused his injury does not preclude his allegation that Kroger's negligent failure to provide the Spill Magic system also caused his injury. ***If the only relationship between Austin and Kroger were that of landowner-invitee, the alleged facts could only give rise to a premises-liability claim***. . . .

*Austin*, 2015 WL 3641066, at \*15 (emphasis added) (citations and footnote omitted) (citing *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762 (Tex. 2010); *Lee Lewis Constr., Inc. v. Harrison,* 70 S.W.3d 778, 784 (Tex. 2001)). The Court further stated:

> ***Only an employer that has control over the premises where the employee is injured has a premises-liability duty to the employee***, but the duty to provide necessary and safe instrumentalities applies to employers generally. If we were to adopt the rule Kroger advocates, employees injured on their employers' premises by the employer's failure to provide necessary and safe equipment would have to try their claims under a premises-liability theory of recovery, while ***employees injured on premises not owned by their employers would have to prosecute the same breach of duty under a general negligence theory of recovery***—two different claims with different elements of proof. We see no reason why employees injured by a breach of the same duty should have to prove different elements to recover.

*Id.* (emphasis added) (citations omitted).

The *Austin* decision thus confirms that one must be an owner, occupier, or legal equivalent (such as a general contractor) to owe a duty under premises-liability law. If the defendant lacks that status—as is the case here—general negligence duties apply.

Even if Gattis somehow stood in the shoes of the premises owner, *Austin* also dispels Gattis's claim that "[c]ourts have clearly settled" in its favor "whether [p]remises defect claims and negligent activity claims are independent." Appellant's Reply Br. at 3. Without even citing the cases on which Gattis relies to support its view, the Supreme


Court expressly reserved "whether a single injury could give rise to both a premises-liability claim and a negligent activity claim if both the condition of the premises and the contemporary activities of the premises owner proximately cause the injury." 2015 WL 3641066, at *15 n.22.

It is undisputed that Gattis did not own or occupy the premises in question. As *Austin* confirms, Gattis could not benefit from premises-liability law, and Lawhon properly submitted this case under a general negligence charge.

Respectfully submitted,

D. Todd Smith
SBOT #00797451
Counsel for Appellees

DTS/slk

## Certificate of Service

By my signature above, I certify that a copy of this letter was sent to the following counsel of record through the electronic filing system on July 13, 2015:

Kevin D. Jewell
CHAMBERLAIN, HRDLICKA, WHITE,
 WILLIAMS & AUGHTRY
1200 Smith Street, Suite 1400
Houston, Texas 77002
*Lead Appellate Counsel for Appellant*
*Gattis Electric, Inc.*